From C. P. Addams, Harrisburg, Pa.

---

## Kieser v. Shenk.

*Statement—Sufficiency of—Striking off—Practice Act of May 14, 1915, P. L. 483.*

1. The preliminary paragraph of a statement setting forth the name of the parties and that the suit is brought "upon a cause of action whereof the following is a statement," need not be numbered.

2, The fact that the residences of the parties are not given is not material, nor need the statement give the hour of the accident or allege that the trespass on which the suit was founded was committed in the county in which the suit was brought. These objections are not sufficient cause to strike off the statement. The defendant can ask for a more specific statement if desired.

Motion to strike off plaintiff's statement. C. P. Lancaster Co., March T., 1925, No. 47.

*Charles G. Baker,* for motion; *L. R. Geisenberger,* contra.

LANDIS, P. J.—It is complained that the statement filed in this case is not in compliance with the Practice Act of May 14, 1915, P. L. 483, because the preliminary paragraph, which sets forth the names of the parties, is not numbered. There is no reason why it should be, for it states that the suit is brought "upon a cause of action whereof the following is a statement," and immediately thereafter the paragraphs are arranged in due form, each containing one material allegation. This is, in my judgment, a compliance with the act. The fact, too, that the residences of the parties are not given is not material. There is nothing in the act of assembly which requires this.

It is also objected that the day or the hour of the accident is not given, and that the statement does not allege that the trespass was committed in the County of Lancaster. Neither one of these objections, even if true, is of sufficient consequence to strike off the statement. If the defendants desire more particular information on these subjects, they can ask for a more specific statement, and if the plaintiffs have the information, the court can order it to be given. As a matter of fact, in the first paragraph, the time is fixed as "on or about the 1st day of September, 1924," and in the second paragraph it is said that "at or about the intersection of Ephrata State Road, another public highway in the State of Pennsylvania, with the said Manheim Pike, a certain motor-vehicle under the charge, custody and control of the defendants, their servant, agent, workman or employee, was caused and permitted to come into contact and collision with the motor-vehicle in which the wife-plaintiff was a passenger." Even though Lancaster County is not named, I am of the opinion that, for the present, the allegations are sufficient, and that we ought not to strike off the statement on such grounds.

The motion is, therefore, overruled.

From George Ross Eshleman, Lancaster, Pa.